FILED

NOT FOR PUBLICATION

OCT 04 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD TURNER; DIANA TURNER, | No. 11-16688 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-00465-JCM-LRL |
| v. | |
| BANK OF AMERICA HOME LOANS, BAC Home Loan Servicing, LP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 24, 2013[**]

Before:      RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Ronald and Diana Turner appeal pro se from the district court's judgment

dismissing their action arising out of foreclosure proceedings.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *King v. California*, 784

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.2d 910, 912 (9th Cir. 1986). We affirm.

The district court properly dismissed the Turners' wrongful foreclosure and quiet title claims because the Turners failed to allege facts showing that they were not in default when defendants initiated non-judicial foreclosure proceedings. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) (per curiam) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (wrongful foreclosure claim requires allegation that a lender exercised the power of sale or foreclosed upon property when the homeowner was not in default); *see also Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260 (Nev. 2012) (en banc) (holding that, under Nevada law, Mortgage Electronic Registration System, Inc. may be a valid beneficiary of a deed of trust and that such a designation does not irreparably split the note and the deed of trust).

The district court properly dismissed the Turners' civil conspiracy claim after dismissing the underlying wrongful foreclosure claim. *See Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 & n.1 (Nev. 1980) (civil conspiracy claim must arise from an underlying wrongful act).

The Turners' contentions regarding the district court's denial of their motion to remand and application of federal, rather than state, pleading standards

are unpersuasive.

**AFFIRMED.**